**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

KEITH WILLIAMS                                       :
            Petitioner,                          :
                              :
            v.                                      :     Civil No. 5:22-cv-01024-JMG
                              :
MICHAEL GOURLEY, *et al.*,                           :
            Respondents.                         :

---

**MEMORANDUM OPINION**

GALLAGHER, J.                                                                    **August 29, 2023**

## I.  OVERVIEW

Petitioner Keith Williams ("Petitioner") filed the instant pro se petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction in the Philadelphia County Court of Common Pleas for aggravated assault and possession of a firearm though prohibited on two grounds: That he was sentenced for the wrong offense; and that his direct appeal counsel was ineffective for failing to challenge the discretionary aspects of his sentence. Magistrate Judge Lynne A. Sitarski issued a Report and Recommendation ("R&R") recommending that the habeas corpus claims be denied and dismissed. Petitioner has filed objections to the R&R. For the reasons set forth below, the R&R is adopted, and the objections are overruled. Petitioner's habeas petition is denied.

## II.  BACKGROUND

Petitioner, Keith Williams, proceeding pro se, filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 on January 16, 2022 ("Petition"). [ECF No. 1]. This case was referred to United States Magistrate Judge Lynne A. Sitarski on April 4, 2022 for a report and

recommendation. [ECF No. 4]. Respondents, Michael Gourley[1], The District Attorney of the County of Philadelphia, and the Attorney General of the State of Pennsylvania, filed a Response in Opposition to Petitioner's Writ of Habeas Corpus on December 14, 2022. [ECF No. 19]. Petitioner filed a Rebuttal-Reply to the Response to the Petition on January 24, 2023. [ECF No. 20]. On April 12, 2023, Judge Sitarski issued a Report and Recommendation ("R&R") recommending the Petition be denied without the issuance of a certificate of appealability. [ECF No. 25]. Thereafter, Petitioner filed Objections to the Report and Recommendation on May 1, 2023 ("Objections"). [ECF No. 26].

The R&R summarizes the background of this case. *See* R&R at pgs. 1-6 of 19, [ECF No. 25]. Petitioner does not object to this summary, and, after review, it is adopted and incorporated herein.

In brief, on June 23, 2014, Dwayne Pierce was shot in the left knee and right leg in Philadelphia. *Id*. at pg. 2 of 19. Pierce was taken to a hospital, where he was interviewed by police. *Id*. at pg. 3 of 19. Pierce identified Petitioner as the man who shot him from a photo array. *Id*. After a search by the U.S. Marshall's Fugitive Task Force, Petitioner was apprehended on July 14, 2014, in Glassboro, New Jersey. *Id*.

Petitioner waived his right to jury trial. *Id*. at pg. 4 of 19. At his non-jury trial, Pierce, witnesses and several police officers offered testimony. *Id*. As the R&R notes, Petitioner stipulated that he was prohibited from possessing a firearm and presented no testimony in his defense. *Id*. The trial court acquitted Petitioner of attempted murder and convicted him of aggravated assault, possessing a firearm though prohibited, and other offenses. *Id*. The trial court calculated a

---

[1] Michael Gourley, the Superintendent of SCI Camp Hill, is substituted as the respondent in this case. *See* Rules Governing Section 2254 Cases, Rule 2 (requiring the current custodian to be named as respondent). *See* R&R at pg. 1 of 19 [ECF No. 25].

sentencing guideline range of 90-108 months. *Id.* While the trial court found several mitigating factors were present, such as the Petitioner's age, a learning disability, and Petitioner's Post-Traumatic Stress Disorder ("PTSD"), the trial court ultimately found that these were outweighed by aggravating factors, "particularly the fact that [Petitioner] fired his gun while children were in harm's way." *Id.*

Consequently, the trial court sentenced Petitioner to consecutive terms of 10–20 years' imprisonment for aggravated assault and 5–10 years' imprisonment for persons not to possess firearms, as well as five years' consecutive probation, with conditions, for possessing an instrument of crime. *Id.* The trial court also ordered Petitioner to serve his aggregate sentence concurrently with a term of 6–23 months' imprisonment for a separate offense of forgery. *Id*.

Petitioner filed a post-sentence motion for reconsideration of sentence, which the trial court denied. *Id*. at 4-5. On direct appeal, appellate counsel raised objections to police officers' testimony during trial but did not challenge the discretionary aspects of Petitioner's sentence. *Id*. at 5. The Pennsylvania Superior Court denied Petitioner's appeal on February 27, 2018. *Id*. The Pennsylvania Supreme Court declined Petitioner's petition for allowance of appeal on September 4, 2018. *Id.* Petitioner then timely filed a petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), arguing his appellate counsel was ineffective in failing to challenge the discretionary aspects of the judge's sentence. *Id*.

On August 30, 2019, the PCRA Court issued an order denying relief. *Id.* Petitioner filed a notice of appeal, and on February 8, 2021, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal. *Commonwealth v. Williams*, 240 A.3d 147 (Pa. 2021) (table opinion). On January 16, 2022, Petitioner filed this Petition asserting two grounds for relief.[2]

---

[2] As the R&R notes, "Pennsylvania and federal courts employ the prisoner mailbox rule, pursuant to which the *pro se* petition is deemed filed when it is given to prison officials for mailing.

The R&R outlined Petitioner's grounds for relief as follows:

1. Petitioner was sentenced for aggravated assault with attempt to cause serious bodily injury whereas he was charged only with aggravated assault. *See* R&R at pg. 6 of 19 [ECF No. 25].

2. Petitioner's counsel on direct appeal was ineffective for not challenging the discretionary aspects of his sentence. *Id*.

In the R&R, the Magistrate Judge determined the first claim was procedurally defaulted. Upon review, the Magistrate Judge found the second claim did not warrant relief and recommended the claim be dismissed. *Id.* at pg. 18 of 19. Petitioner filed Objections to the R&R's determinations as to both claims, and argues that any default should be excused based on the ineffectiveness of counsel. *See generally* Objections [ECF. No. 26].

## III.   LEGAL STANDARD
### a.   Review of Report and Recommendation

When objections to a Report and Recommendation are filed under 28 U.S.C. § 636(b)(1)(C), the district court must conduct a de novo review of the portions of the report and recommendation to which the petitioner objects. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016). In the absence

---

*See Perry v. Diguglielmo*, 169 F. App'x 134, 136 n.3 (3d Cir. 2006) (citing *Commonwealth v. Little*, 716 A.2d 1287 (Pa. Super. Ct. 1998)); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998); *Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001). In this case, Petitioner certified that he gave his habeas petition to prison officials on January 16, 2022, and it will be deemed filed on that date. (Hab. Pet., ECF No. 1, at 19)." *See* R&R at pg. 6 of 19 [ECF No. 25].

of a specific objection, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 152 (1985).

However, as a matter of preferred practice, district courts should "afford some level of review to dispositive legal issues raised by the report" even if they are not objected to. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987), *writ denied* 484 U.S. 837 (1987). Accordingly, this Court reviews Judge Sitarski's R&R in its entirety for plain error or manifest injustice. *Harper v. Sullivan*, No. 89-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991); *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). A district court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report and recommendation. 28 U.S.C. § 636(b)(1)(C). The recommendation from the magistrate judge does not carry presumptive weight, and the authority to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 271 96 S. Ct. 549 (1976).

A district court need not consider, however, "issues raised for the first time in objections to a magistrate judge's report and recommendation," as parties are not permitted "to raise arguments or issues that were not presented to the magistrate." *Townsend v. Gilmore*, No. 15-1475, 2017 U.S. Dist. LEXIS 37685 at *4 (E.D. Pa. Mar. 15, 2017) (quoting *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)). Accordingly, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). An issue/objection is deemed waived if the petitioner failed to raise it before the magistrate judge, or makes merely "a passing reference" to the issue. *Simmons v. Philadelphia*, 947 F.2d 1042, 1066 (3d Cir. 1991). *See also See Laborers' Int'l Union of N.A. v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994); *In re Nat'l Collegiate Student Loan Trs. 2003-1, 2004-1, 2004-2, 2005-1, 2005-2, 2005-3*, 971 F.3d 433 (3d Cir. 2020) ("Arguments

not presented to a magistrate judge and raised for the first time in objections to the magistrate's recommendations are deemed waived…A passing reference to an issue does not suffice to preserve it.").

**b.  Review of a Petition for Habeas Corpus Under 28 U.S.C. § 2254**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the [s]tate's established appellate review process" before seeking federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Where a petitioner has failed to properly present their claims in the state court and no longer has an available state remedy, they have procedurally defaulted those claims. *See id.* at 847-48. An unexhausted or procedurally defaulted claim cannot provide the basis for federal habeas relief unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 732-33, 750 (1991) (explaining that a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer available to him"). The fundamental miscarriage of justice exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "Put differently, the exception is only available when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'"

*Coleman v. Greene*, 845 F.3d 73, 76 (3d Cir. 2017) (quoting *McQuiggin*, 569 U.S. at 401; *Schlup*, 513 U.S. at 316).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (internal quotations omitted); *see also* 28 U.S.C. § 2254(d); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (holding there is a "doubly deferential judicial review that applies to an ineffective assistance of counsel evaluated under the § 2254(d)(1) standard" because the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable); *Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be drawn either way, the state court decision must stand, as its determination of the facts would not be unreasonable."). Moreover, "a federal habeas court must afford a state court's factual findings a presumption of correctness and that presumption applies to the factual determinations of state trial and appellate courts." *Fahy v. Horn*, 516 F.3d 169, 181 (3d Cir. 2008). The habeas petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## IV.   ANALYSIS

Following a de novo review of Petitioner's claims, the Court adopts the R&R in its entirety. Petitioner objects to the R&R's rejection of his two claims: that he was illegally sentenced for aggravated assault with attempt to cause seriously bodily injury despite only being charged with aggravated assault; and that Petitioner's direct appeal counsel was ineffective for failing to challenge the discretionary aspects of his sentence. *See* Objections at pgs. 1-2 [ECF No. 26]. Petitioner's Objections also raises several issues for the first time, namely that Petitioner's waiver of his right to a jury trial was not knowing, intelligent, and voluntary, and that his sentences should

7

have merged under the merger doctrine. *Id.* at pgs. 3-4.  The Court addresses Petitioner's objections below.

In his Objections to the R&R, Petitioner does not dispute that his claims are procedurally defaulted; rather, he argues that any defaults should be excused based on the ineffectiveness of trial and direct-appeal counsel and the prejudice he suffered as a result. *Id.* at pgs. 3-4. For the reasons discussed below, Petitioner cannot establish that he was prejudiced by trial counsel's failure to allege he was sentenced for a different offense or direct appeal counsel's failure to challenge the discretionary aspects of his sentence.

### a.   Claim I: Sentenced for Different Offense

Petitioner claims in his objections that that he was sentenced for aggravated assault with attempt to cause serious bodily injury whereas he was charged only with aggravated assault. *Id.* at pg. 1. As the R&R explains, this claim is procedurally defaulted because Petitioner did not raise it on direct appeal or PCRA review. R&R at pg. 10 of 19 [ECF No. 25]. Because the claim is procedurally defaulted, it is unreviewable, and the R&R recommends the claim be dismissed. *Id.* According to the R&R, Petitioner made no argument that this procedural default should be excused, and Petitioner failed to demonstrate cause for this default or prejudice sustained, or making a showing that a fundamental miscarriage of justice would ensue. *Id.* at pg. 10 of 19. In his Objections, Petitioner argues this procedural default should be excused as per the Supreme Court's decision in *Martinez v. Ryan* because his failure to raise the issue can be attributed to his ineffective trial and direct appeal counsel, and briefly mentions that PCRA counsel failed to preserve his claims. *See* Petitioner's Objections at pg. 4 [ECF No. 26]. His objections do not prevail.

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). Incorporating *Strickland*, Pennsylvania's three-prong ineffectiveness test requires the Petitioner to establish that (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his or her conduct; and (3) petitioner suffered prejudice as a result of counsel's deficient performance. *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987).

There is a strong presumption that counsel is effective and courts, guarding against the temptation to engage in hindsight, should be "highly deferential" to counsel's reasonable strategic decisions. *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002). The mere existence of alternative, even preferable or more effective, legal strategies does not satisfy the first element of the *Strickland* test. *Id*. at 86. To establish prejudice under the second element, a petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000) (quoting *Strickland*, 466 U.S. at 694). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689 (explaining that courts should not second-guess counsel's assistance and engage in "hindsight, to reconstruct the circumstances of counsel's challenged conduct"). Courts must consider the totality of the evidence and the burden is on the petitioner. *Id*. at 687, 695.

When reviewing ineffective assistance of counsel claims under § 2254, the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable. *Knowles*, 556 U.S. at 123. "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant

9

has not satisfied that standard." *Id*. (describing "the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard").

Failure to raise an ineffective assistance of counsel claim in state court bars a petitioner from raising the claim in federal court, and they are deemed to have "procedurally defaulted" the claim. *Ridgeway v. Folino*, No. 12-5092, 2015 U.S. Dist. LEXIS 180458 at *45 (E.D. Pa. June 25, 2015). A narrow exception to this rule exists under the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1, 10 (2012). *Martinez* outlines two limited circumstances in which a prisoner can establish cause for a default of an ineffective assistance of trial counsel claim:

> The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id*. at 14. The Supreme Court clarified this exception in *Shinn v. Ramirez*, 142 S. Ct. 1718, 1728 (2022), holding that "ineffective assistance of postconviction counsel is 'cause' to forgive procedural default of an ineffective-assistance of-trial-counsel claim, but *only* if the State required the prisoner to raise that claim for the first time during state postconviction proceedings." *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022) (emphasis added). Simply put, the narrow exceptions outlined in *Martinez* apply if the state's judicial system forecloses direct review of trial counsel ineffective assistance claims. *Trevino v. Thaler*, 569 U.S. 413. 133 S. Ct.1911, 185 L. Ed. 2d 1044 (2013).

The Supreme Court has declined to expand *Martinez*. In *Davila v. Davis*, 582 U.S. 521, 137 S. Ct. 2058 (2017), the Supreme Court declined to extend *Martinez* to allow a federal court to hear a substantial, but procedurally defaulted, claim of ineffective assistance of appellate counsel

when a prisoner's state postconviction counsel allegedly provided ineffective assistance by failing to raise that claim. *Id*. at 529. The Supreme Court reasoned:

> On its face, *Martinez* provides no support for extending its narrow exception to new categories of procedurally defaulted claims. *Martinez* did not purport to displace *Coleman* as the general rule governing procedural default. Rather, it "qualifie[d] *Coleman* by recognizing a narrow exception" that applies only to claims of "ineffective assistance of counsel at trial" and only when, "under state law," those claims "must be raised in an initial-review collateral proceeding." *Martinez, supra*, at 9, 17, 132 S. Ct. 1309, 182 L. Ed. 2d 272. And *Trevino* merely clarified that the exception applies whether state law explicitly or effectively forecloses review of the claim on direct appeal. 569 U.S., at 417, 429, 133 S. Ct. 1911, 185 L. Ed. 2d 1044, 1058. In all but those "limited circumstances," *Martinez* made clear that "[t]he rule of *Coleman* governs." 566 U.S., at 16, 132 S. Ct. 1309, 182 L. Ed. 2d 272."

*Id*. at 529-530. Thus, *Martinez* does not provide grounds to forgive a procedural default of an ineffective assistance of direct appeal counsel claim.

*Martinez* is a narrow exception to the procedural default rule, reserved for instances when state law precludes a petitioner from asserting an ineffective assistance of trial counsel claim until state postconviction proceedings, and the counsel in the postconviction proceedings was themselves ineffective for failing to raise a claim that trial counsel was ineffective. *Gelsinger v. Superintendent Fayette SCI*, No. 21-2844, 2022 U.S. App. LEXIS 23830 at *3 (3d Cir. July 8, 2022). The situation in *Martinez* arose due to an Arizona state law that prohibited a defendant from bringing an ineffective assistance of trial counsel claim on direct appeal. *See Martinez v. Ryan*, 566 U.S. at 9.

Here, by contrast, pursuant to applicable Pennsylvania law at the time of Petitioner's PCRA proceedings and appeals, after Petitioner filed his pro se PCRA petition, the PCRA court issued a notice of intent to dismiss the petition without a hearing pursuant to 234 Pa. Code § 907 on January 22, 2019. *See* R&R at pg. 5 of 19 [ECF No. 25]. In response to this notice, Petitioner was required

to raise his ineffective assistance of counsel claim for failure to argue that he was sentenced on the wrong charge within twenty days. [3] *Moses v. Krasner*, No. 5:21-cv-5466, 2023 U.S. Dist. LEXIS 12433 at *7 (E.D. Pa. Jan. 25, 2023) ("Pennsylvania procedural rules required petitioners to raise claims of ineffective PCRA counsel in their response to the Rule 907 notice; otherwise such claims were deemed waived.").

Petitioner timely responded to the notice by filing an amended PCRA petition that alleged direct appeal counsel provided ineffective assistance by failing to challenge the discretionary aspects of Petitioner's sentence, but ***not*** that Petitioner was sentenced for aggravated assault with attempt to cause serious bodily injury whereas he was charged only with aggravated assault. *See* R&R at pg. 5 of 19 [ECF No. 25]. Accordingly, Petitioner waived this argument.

Even were the Court to consider Petitioner's ineffective assistance of counsel claim on the merits, his claim would still fail. His Objections argue that trial counsel should have raised the issue that he was sentenced for a different offense. Petitioner alleges the trial court's total sentence of 15-30 years exceeded the sentencing guidelines for aggravated assault. This is a mischaracterization of the sentence issued. Petitioner was sentenced 10-20 years for aggravated assault, ***and*** 5-10 years for possession of a firearm though prohibited. The Pennsylvania Sentencing Code allows courts determine whether to impose sentences consecutively or concurrently. 42 Pa. Cons. Stat. Ann. § 9721 (a). Here, the trial court did not sentence Petitioner to 15-30 years in prison for aggravated assault only, but rather this aggregate term reflects the

---

[3] This requirement was subsequently changed by the Pennsylvania Supreme Court's decision in *Commonwealth v. Bradley*, 261 A. 3d 381 (Pa. 2021) in October 2021, which abandoned the previous Rule 907 procedure, and adopted, "a modified and flexible *Hubbard* approach allowing a petitioner to raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal." *Id*. at 405.

Court's decision to impose the separate sentences for aggravated assault **and** possession of a firearm though prohibited **concurrently**.

Petitioner was not improperly sentenced on the wrong charge. Petitioner was found guilty of violating 18 Pa.C.S. § 2702 (a)(1). This statute states, "A person is guilty of aggravated assault if he attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S. § 2702 (a)(1). In other words, an individual may be convicted of aggravated assault whether the defendant caused or only attempted to cause serious bodily injury. There is no difference between aggravated assault and aggravated assault with a serious bodily injury. In Pennsylvania, aggravated assault under subsection (a)(1) is a felony of the first degree, and a first-degree felony carries a maximum sentence of 20 years. 18 Pa.C.S. § 2702 (b); 18 Pa.C.S. § 1103 (1). This does not change based on whether a serious bodily injury resulted. 204 Pa. Code § 303.15. The trial court determines which offense gravity score applies. Pa. Code § 303.3 (b).

The trial court in Petitioner's case found that there was serious bodily injury to Mr. Pierce, as evidenced by the state record. *See* Dec. 1, 2016 Sentencing Tr. at 13:9-15:24 [ECF No. 19-4]. This finding had no impact on the statutory maximums at play – rather, they increased the sentencing guidelines, which are not binding and are merely advisory in nature. *Commonwealth v. Yuhasz*, 592 Pa. 120, 923 A.2d 1111 (2007). Sentences that exceed sentencing guidelines but do not exceed the statutory maximum do not violate the 6th Amendment. *Id*. at 1118. The sentencing court may sentence outside the guidelines based on judicially determined facts, so long as it does not exceed the statutory limit. *Id*.

As such, Petitioner's first claim fails both procedurally and substantively. Petitioner's sentence was imposed within the legal parameters prescribed by the applicable statutes, and he

was sentenced for the correct offense. Petitioner's trial counsel moved for reconsideration of the sentence. Simply because this motion was denied by the trial court does not mean that counsel's performance was deficient under *Strickland*, nor that the standard was unreasonably applied by the appeals court. Thus, Petitioner's claims of ineffective assistance of trial counsel cannot be excused for cause under *Martinez*, and the underlying argument does not have merit.

Petitioner's assertion that ineffective assistance of direct appeal counsel provides cause for the procedural default, pursuant to *Martinez*, does not prevail. The Supreme Court made clear in *Davila* that *Martinez* does not provide grounds to excuse procedurally defaulted claims of direct appeal counsel. *Davila*, 582 U.S. 521, 525. The Petitioner has not provided a cause for default, nor demonstrated that there was actual prejudice as a result of the alleged violation of federal law or that failure to consider the claims will result in a fundamental miscarriage of justice.

In light of the foregoing, Petitioner failed to exhaust his state court remedies as to his first claim, as this claim was never presented at trial, on direct appeal, at PCRA proceedings or at PCRA appeal proceedings. Petitioner cannot establish cause for this default and the record does not reflect that there was prejudice as a result of the alleged violation of federal law, nor does it demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner's claims are dismissed as procedurally defaulted.

### b.  Objection to Denial of Ineffective Assistance of Counsel Claim

Petitioner also objects to the R&R's rejection of his second claim, that counsel was ineffective on direct appeal for failing to challenge the discretionary aspects of his sentence. As the R&R explained, Petitioner is entitled to relief under 28 U.S.C. § 2254(d)(1)-(2), "if the Pennsylvania court's rejection of his claims was: (1) "contrary to, or involved an unreasonable application of," clearly established law; *or* (2) "based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). *See also* R&R at pg. 12 of 19 [ECF No. 25].

Pursuant to 28 U.S.C. § 2254(d)(1), In order to obtain relief, Petitioner must show that the state appellate court's ***application*** of the Supreme Court's test for reviewing ineffective assistance claims as articulated in *Strickland* was unreasonable. This "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." *Hameen v. Delaware*, 212 F.3d 226, 235 (3d Cir. 2000). *See also* R&R at pg. 12 of 19 [ECF No. 25].

*Strickland* requires state courts to consider whether (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. *Strickland*, 466 U.S. at 688. The state court's application of *Strickland* was not unreasonable. The record notes multiple times that the trial court provided ample reasoning for Petitioner's sentence. On PCRA Appeal, the Superior Court weighed the aggravating and mitigating factors, and concluded the aggravating factors surrounding the shooting outweighed the mitigating factors. As the R&R notes, "As the Superior Court explained, direct-appeal counsel was not ineffective in failing to challenge his sentence where the aggravating factors, such as his propensity for violent crime and his endangerment of a juvenile bystander during the shooting, outweighed the limited mitigating factors, and where the sentence was "well within the [sentencing] court's discretion." *See* R&R at pg. 14 of 19 [ECF No. 25].

Under these circumstances, Petitioner does not establish that the state court unreasonably applied *Pierce/Strickland*. Petitioner's appellate counsel is not ineffective for failing to bring forth meritless argument. "Effective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed." *Smith v. Murray*, 477 U.S. 527,

536 (1986); *Jones v. Barnes*, 463 U.S. 745, 751-753 (1983). Declining to raise a claim on appeal, therefore, is not ineffective unless that claim was plainly stronger than those actually presented to the appellate court. *See Smith v. Robbins*, 528 U.S. 259, 288, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000). There is no 6th Amendment violation for deprivation of effective counsel for counsel's failure to bring a meritless claim. *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). Thus, Petitioner is not entitled to relief under 28 U.S.C. § 2254(d)(1).

With regards to relief under 28 U.S.C. § 2254(d)(2), Petitioner bears the burden of establishing that the rejection of his claim by the state courts was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Bomar v. Wetzel*, No. 04-1730, 2023 U.S. Dist. LEXIS 57879 at *24 (E.D. Pa. Mar. 31, 2023). As the R&R notes, "[f]actual issues determined by a state court are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. *Werts v. Vaughn*, 228 F.3d 178, 196 (3d Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)). If "'[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's…determination.'" *Brumfield v. Cain*, 576 U.S. 305, 313-14 (2015). *See also* R&R at pg. 15 of 19 [ECF No. 25].

The Court agrees with the R&R that Petitioner has failed to establish the state courts' adjudication of his ineffectiveness claim was based on an unreasonable determination of the facts of record. *See* R&R at pgs. 15-18 of 19 [ECF No. 25]. The record reflects that the sentencing court addressed each mitigating factor that the Petitioner contends was overlooked.  *See* Dec. 1, 2016 Sentencing Tr., at 39:12-42:12 [ECF No. 19-4]. With regards to the aggravating factors, the sentencing court explained that Petitioner's prior arrests were a factor considered, but he was not being sentenced for those offenses. *Id.* at 37:10-40:17. The court also noted the circumstances of

the shooting, and that a child was standing next to the defendant at the time of the shooting. *Id*. at 40:5-19. The adjudication of Petitioner's claim was not based on an unreasonable determination of the facts of record.

In light of the foregoing, Petitioner failed to establish that the state court adjudication of his claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner is not entitled to relief on this claim.

### c.  Objections Raising New Claims

Lastly, Petitioner raises new arguments in his objections that were not presented to the Magistrate Judge and never adjudicated in state courts – namely, that the sentences should have merged under the merger doctrine 42 Pa.C.S. § 9765, the issue should have been presented to a jury, and he did not knowingly and intelligently waive his right to jury trial. *See generally* Objections [ECF 26].

Petitioner did not assert these issues as grounds for relief in his original habeas petition, and only brings them now in his Objections. *See generally*, Petition at pgs. 8-10 [ECF No. 1]. As previously discussed, arguments that were not presented to the Magistrate Judge and are raised for the first time as objections are deemed waived. *In re Nat'l Collegiate Student Loan Trs*., 971 F.3d at 444 ("Arguments not presented to a magistrate judge and raised for the first time in objections to the magistrate's recommendations are deemed waived.").

V.    **CONLCUSION**

For the foregoing reasons, Petitioner's Objections to the Report and Recommendation of Magistrate Judge Lynne A. Sitarski (ECF No. 26) are overruled, and the Report and Recommendation of Magistrate Judge Lynne A. Sitarski (ECF No. 25) is approved and adopted. The Petition (ECF No. 1) is dismissed with prejudice, and the case will be closed. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge